## DE WITT v. STEPHEN.

### Opinion delivered April 25, 1927.

1. LICENSES—Crawford & Moses' Dig., § 7494, authorizing municipal corporations to publish such ordinances as are necessary to provide for the safety, preserve the health, and promote the prosperity and improve the morals, order, comfort and convenience of such corporations, *held* not to authorize the enacting of ordinances requiring resident owners of automobiles to pay license thereon.

2. LICENSES—AUTOMOBILE TAX.—Crawford & Moses' Dig., § 4006, giving municipal corporations control of streets and alleys, *held* not to give implied authority to enact an ordinance requiring resident owners of automobiles to pay license thereon.

3. FINES—CONSTRUCTION OF STATUTES.—Statutes authorizing the imposition of fines and penalties should be strictly and not liberally construed.

4. LICENSES—AUTOMOBILE TAX—INCORPORATED TOWNS.—Acts 1919, p. 227, § 1, as amended by Acts 1919 (Sp. Sess.) No. 54, § 1, authorizing cities of first and second class and incorporated towns to require residents of cities of first and second class to pay license on motor vehicles, *held* not to extend authority to "incorporated towns," despite use of the words "incorporated towns" in one place in section, where cities alone were named in other parts of the statute, and cities only were directed as to method of using the money collected.

Appeal from Arkansas Circuit Court, Southern District; *W. J. Waggoner,* Judge; affirmed.

*J. M. Brice,* for appellant.

*C. E. Condray,* for appellee.

HUMPHREYS, J. Appellee was tried, convicted, and fined in the mayor's court of the incorporated town of DeWitt, Arkansas, for refusing to pay his automobile

license, in violation of its ordinance No. 135. An appeal from the judgment of conviction was duly prosecuted to the circuit court of Arkansas County, Southern District, where, on trial *de novo* by the court sitting as a jury, ordinance No. 135 was adjudged to be void on the ground that the town of DeWitt had no power to require resident owners of automobiles to pay the license on them, and appellee was acquitted, from which is this appeal.

Appellant contends for a reversal of the judgment on the ground that the town of DeWitt had authority to pass the ordinance under § 7494 of Crawford & Moses' Digest, which is as follows:

"It is made the duty of the municipal corporation to publish such by-laws and ordinances as shall be necessary to secure such corporations and their inhabitants against injuries by fire, thieves, robbers, burglars, and other persons violating the public peace; for the suppression of riots, and gambling, and indecent and disorderly conduct; for the punishment of all lewd and lascivious behavior in the streets and other public places; and they shall have power to make and publish such by-laws and ordinances, not inconsistent with the laws of this State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations and the inhabitants thereof."

The section referred to does not expressly authorize the imposition of such a tax, and we are unable to discover in the language used any implied authority to do so. The lawmakers held to such opinion, else the Legislature would not have conferred such authority on cities of the first and second class by act 289, passed at the regular session of the Legislature of 1919, as amended by act 54 of the special session held by the Legislature in September, 1919. Neither express nor implied authority was conferred upon the town of DeWitt to pass its automobile license ordinance No. 125 under § 7494.

Appellant also suggests that implied authority existed to pass such an ordinance under § 4006 of Craw-

ford & Moses' Digest, giving municipal corporations control and supervision of the streets and alleys. Statutes authorizing the imposition of fines and penalties should be strictly and not liberally construed. We do not think the language of the act referred to is broad enough to justify such an implication of power.

Appellant also contends for a reversal of the judgment upon the ground that the same authority conferred upon cities of the first and second class by said act 289, as amended by said act 54, to impose a tax not to exceed $5 per annum on resident owners of motor vehicles, also extended the same authority to incorporated towns. Section 1 of said act 289 is as follows:

"That cities of the first class are hereby authorized to require residents of said city, for the privilege of keeping and using motor vehicles, to pay a tax of not to exceed five dollars per annum for each motor vehicle defined in this act; said fund thus collected to be used exclusively by said cities in the construction, repair or maintenance of the streets, alleys or public ways of said cities."

Section 1 of said amendatory act No. 54 is as follows:

"Section 1. That cities of the first class and cities of the second class and incorporated towns are hereby authorized to require residents of said cities of the first class and cities of the second class, for the privilege of keeping and using motor vehicles, to pay a tax of not to exceed five dollars per annum for each motor vehicle defined in this act; said fund thus collected to be used exclusively by said cities in the construction, repair or maintenance of the streets, alleys or public ways of said cities."

In an effort to carry out the supposed intent of the Legislature the digesters of Crawford & Moses' Digest inserted the words "incorporated towns" after the word "class" in the fourth line of said act 54. This was done on the theory that the intent of the Legislature was to extend such authority to incorporated towns because the words "and incorporated towns" appeared in the second line of said amendatory act No. 54. In order to have made

a complete act on that theory the words "and incorporated towns" should also have been inserted after the word "cities" in the ninth and last lines of § 1 of the amendatory act. If the intent of the Legislature was to extend authority to incorporated towns to impose a tax on resident owners of motor vehicles, why did it require the cities of the first and second class to expend such tax on streets and alleys and not require incorporated towns to do so? The justification of such a tax at all grows out of the use of the streets and alleys with motor vehicles, and not on account of police regulation of traffic. The query propounded goes to show that the words "and incorporated towns" used by the Legislature in the second line of the amendatory act are not a definite criterion by which the intention of the Legislature may be determined. If the Legislature had intended to extend the authority to incorporated towns as well as cities to tax resident owners of automobiles, it could have inserted such words where necessary throughout § 1 of the amendatory act. If the failure to insert the words throughout the remaining parts of § 1 could be attributed with certainty to a clerical misprision, there might be force in the argument that the Legislature intended to confer the power upon incorporated towns to impose such a tax, but the insertion of the words in the second line may itself have been a clerical misprision, a mistake, or a piece of inadvertence. To insert the words throughout the act would amount to more than the correction of an obvious misprision or clerical error, which is permissible. It would amount to legislation by the court, which is never permissible. Endlich on the Interpretation of Statutes announced the rule to be that "the question for the interpreter is not what the Legislature meant, but what its language means." If the Legislature meant to extend authority to incorporated towns to impose a maximum tax of $5 on resident owners of motor vehicles, it failed to do so. The words "and incorporated towns" used in the second line of the amendatory act are meaningless. They

cannot be harmonized with the other language used and made to mean anything without interpolating them in three other places in said section.

No error appearing, the judgment is affirmed.